1  Willmore F. Holbrow, III (SB# 169688)
   bill_holbrow@bstz.com
2  James W. Ahn (SB#243335)
   James_ahn@bstz.com
3  BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
4  12400 Wilshire Boulevard, Seventh Floor
5  Los Angeles, California 90025
   Tel:  (310) 207-3800
6  Fax:  (310) 820-5988

7  Attorneys for Plaintiff Audrey Dunham
8

9
                    UNITED STATES DISTRICT COURT
10                  CENTRAL DISTRICT OF CALIFORNIA
                            WESTERN DIVISION
11

12  AUDREY E. DUNHAM, an           ) Case No:
    individual                     )
13                                 ) **COMPLAINT FOR VIOLATION OF:**
14         Plaintiff,              ) **CYBERPIRACY PREVENTION**
                                   ) **UNDER 15 U.S.C. §1125(d),**
15  vs.                            ) **CYBERPIRACY PROTECTION FOR**
16                                 ) **INDIVIDUALS UNDER 15 U.S.C.**
                                   ) **§8131, COMMON LAW UNFAIR**
17  PAIGE DUNHAM, an individual    ) **COMPETITION, AND RELIEF IN**
18                                 ) **EQUITY**
           Defendant.              )
19                                 ) **[DEMAND FOR JURY TRIAL]**
20  _____

1

## JURISDICTION, VENUE AND PARTIES

1. This is an action for preliminary and permanent injunctive relief and for damages against Defendant Paige Dunham ("Defendant") arising from violations of Cyberpiracy Protection for Individuals pursuant to 15 U.S.C. § 8131, Cyberpiracy pursuant to 15 U.S.C. §1125(d), common law unfair competition, and equitable considerations.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1338(a), 1338(b), and 15 U.S.C. §1121. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff Audrey E. Dunham ("Plaintiff") is a citizen of the State of California, residing in Hidden Hills, California. Plaintiff is a certified nutrition consultant, and a personal fitness trainer.

4. Plaintiff is informed and believes that at all times material hereto, Defendant is an individual residing in Sherman Oaks, California.

5. This Court has general personal jurisdiction over Defendant, as Defendant conducts business in this Judicial District, Defendant's conduct directly effects Plaintiff who resides in this Judicial District, and this Court has long arm jurisdiction over Defendant pursuant to California Civil Procedure §410.10 et seq.

6. Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendant is subject to personal jurisdiction in this Judicial District and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this Judicial District.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. In May, 1994, Defendant married Jeff Dunham, now a renowned ventriloquist, producer, and stand-up comedian. Due to irreconcilable differences, Defendant and Jeff Dunham subsequently divorced.

8. On or about December 25, 2011, Jeff Dunham and Plaintiff were engaged to be married. Defendant was aware of Plaintiff and Plaintiff's engagement with Jeff Dunham at that time.

9. On or about January 3, 2012, Defendant, without notice to Plaintiff, registered the following domain names through Network Solutions, LLC, a domain name registering company: AudreyDunham.com, AudreyDunham.net, AudreyDunham.us, and AudreyDunham.biz (collectively "Accused Domains"). On information and belief, Defendant concealed her name as the registrant for AudreyDunham.com, AudreyDunham.net, and AudreyDunham.biz domains by employing the services of Perfect Privacy, LLC, a company that specializes in keeping the identities of domain name registrants private. Defendant knew at the time she registered the Accused Domains, that Plaintiff would soon change her name to AUDREY DUNHAM.

10. Plaintiff is the owner of U.S. Trademark Application Serial No. 85/529,805 for the mark "AUDREY DUNHAM," filed on January 31, 2012, for personal fitness training services and consultancy in International Class 41 and food nutrition consultation in International Class 44. A Notice of Allowance of this application was issued on September 11, 2012. By issuing a Notice of Allowance of this application, the Examining Attorney has determined that the "AUDREY DUNHAM" mark is distinctive and protectable as a unique trademark. Plaintiff has invested significant funds and other resources in connection with developing consumer awareness of her "AUDREY DUNHAM" name in connection with various goods and services.

11. After learning that Defendant registered the Accused Domains, Plaintiff, through people working on her behalf, requested that Defendant transfer the Accused Domains to Plaintiff.

12. On or about January 4, 2013, Plaintiff asked Defendant, in writing, to transfer the Accused Domains to Plaintiff and offered to reimburse Defendant for

any out-of-pocket expenses associated with transferring the Accused Domains. Defendant refused to transfer the Accused Domains. On or about January 18, 2013, Defendant, through her agent, offered to sell the Accused Domains to Plaintiff in exchange for a payment of tens of thousands of dollars, for each domain name.

13.  Defendant knowingly and intentionally registered the Accused Domains with bad faith intent to profit from Plaintiff's "AUDREY DUNHAM" name. "AUDREY DUNHAM" was distinctive at the time of Defendant's registration of the Accused Domains. The Accused Domains are identical and confusingly similar to Plaintiff's "AUDREY DUNHAM" name.

14.  Defendant knowingly and intentionally registered the Accused Domains without Plaintiff's consent with the specific intent to profit from Plaintiff's "AUDREY DUNHAM" name by selling the Accused Domains for Defendant's and Defendant's financial and/or emotional gain.

15.  Defendant's Accused Domains consists entirely of Plaintiff's "AUDREY DUNHAM" name, which is commonly used to identify Plaintiff. The Accused Domains do not consist of the legal name of Defendant or a name that is otherwise commonly used to identify Defendant.

16.  Defendant has no prior use of the Accused Domains in connection with the bona fide offering of any goods and services.

17.  Defendant has no bona fide noncommercial or fair use of Plaintiff's "AUDREY DUNHAM" name in a site accessible under the Accused Domains.

18.  Defendant had no belief or reasonable grounds to believe that the registration or use of the Accused Domains was fair use or otherwise lawful.

19.  Defendant's offered to sell the Accused Domains to Plaintiff for the financial gain of Defendant without having used or having an intent to use the Accused Domains in the bona fide offering of any goods or services.

20.  Defendant registered the multiple Accused Domains with knowledge that the Accused Domains are identical or confusingly similar to "AUDREY

4

DUNHAM" that was distinctive at the time of registration, without regard to the goods or services of the parties.

21. Defendant knowingly and intentionally registered, used and misappropriated "AUDREY DUNHAM" with oppression and malice by registering the Accused Domains, without consent from Plaintiff, with specific intent to deprive Plaintiff of the right and opportunity to use the Accused Domains and to benefit from the ownership and sale of the Accused Domains. Defendant's wrongful actions were committed in bad faith with specific intent to harass and intimidate Plaintiff and to profit and benefit from the unauthorized registration of the Accused Domains.

## FIRST CAUSE OF ACTION
## CYBERPIRACY PREVENTION (15 U.S.C. §1125(d))

22. Plaintiff realleges and incorporates herein by reference paragraphs 1 to 21 above.

23. Defendant's wrongful actions constitute a violation of the Cyberpiracy Prevention pursuant to 15 U.S.C. §1125(d).

24. Defendant's wrongful actions are willful, intentional, and have been committed with oppression and malice.

25. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has suffered and will continue to suffer deprivation of the right and opportunity to use the Accused Domains. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 15 U.S.C. §1116 compelling Defendant, and all persons acting in concert with her, to transfer the Accused Domains to Plaintiff.

26. Plaintiff is further entitled to recover from Defendant any of Defendant's profits obtained from the Accused Domains, any damages sustained by Plaintiff as a result of Defendant's wrongful acts, and costs of this action pursuant to

1  15 U.S.C. §1117(a).  Plaintiff is presently unable to ascertain the full extent of the
2  monetary damages or lost profits it has suffered by reason of Defendant's wrongful
3  acts.
4      27.    Plaintiff is further entitled to recover statutory damages of not less than
5  $1,000.00 and not more than $100,000.00 per domain name, as the court considers
6  just, instead of actual damages and profits, pursuant to 15 U.S.C. §1117(d).

## SECOND CAUSE OF ACTION
## CYPERPIRACY PROTECTION FOR INDIVIDUALS (15 U.S.C. § 8131)

28.    Plaintiff hereby incorporates by reference paragraphs 1 to 27 above.

29.    Defendant's actions constitute a violation of Cyberpiracy Protection for Individuals pursuant to 15 U.S.C. §8131.

30.    Defendant's wrongful actions are willful, intentional, and have been committed with oppression and malice.

31.    As a direct and proximate result of Defendant's wrongful actions, Plaintiff has suffered and will continue to suffer deprivation of the right and opportunity to use the Accused Domains.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction compelling Defendant, and all persons acting in concert with her, to transfer the Accused Domains to Plaintiff pursuant to 15 U.S.C. §8131(2).

32.    Plaintiff is further entitled to recover from Defendant costs and attorneys fees pursuant to 15 U.S.C. §8131(2).

## THIRD CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

33. Plaintiff hereby incorporates by reference paragraphs 1 to 32 above.

34. Defendant's actions constitute a violation of the State of California's unfair competition common law based on violations of 15 U.S.C. §1125(d) and 15 U.S.C. §8131.

35. Defendant's wrongful actions are willful, intentional, and have been committed with oppression and malice.

36. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has suffered and will continue to suffer deprivation of the right and opportunity to use the Accused Domains. Plaintiff has also suffered injury to peace, happiness, and feelings, as well as injury to goodwill, professional standing, and future publicity value. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction compelling Defendant, and all persons acting in concert with her, to transfer the Accused Domains to Plaintiff.

37. Plaintiff is further entitled to recover from Defendant restitution damages suffered by Plaintiff as a result of Defendant's unauthorized use. Plaintiff is further entitled to punitive damages, as well as attorney's fees and costs. Plaintiff is presently unable to ascertain the full extent of the monetary damages or lost profits it has suffered by reason of Defendant's wrongful acts.

## FOURTH CAUSE OF ACTION
## RELIEF IN EQUITY

38. Plaintiff hereby incorporates by reference paragraphs 1 to 37 above.

39. Defendant's wrongful actions warrant affirmative injunctive relief based on the principals of equity. Defendant knowingly, intentionally, and willfully registered the Accused Domains consisting of Plaintiff's "AUDREY DUNHAM" name in bad faith with oppression and malice. "AUDREY DUNHAM" is the

personal, legal name of Plaintiff, not of Defendant. Defendant has no legitimate reason for registering the Accused Domains and registered the Accused Domains for the sole purpose of benefitting from ownership and potential sale the Accused Domains and to inequitably deprive Plaintiff from the rightful use thereof.

40. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has suffered and will continue to suffer deprivation of the right and opportunity to use the Accused Domains. Plaintiff has also suffered injury to peace, happiness, and feelings, as well as injury to goodwill, professional standing, and future publicity value. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an equitable injunction compelling Defendant, and all persons acting in concert with her, to transfer the Accused Domains to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. Finding that Defendant has violated laws against Cyberpiracy pursuant to 15 U.S.C. §1125(d) and 15 U.S.C. §8131, common law unfair competition and equitable considerations;

2. Ordering that Defendant and its officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of the foregoing, be enjoined and restrained, from:

 a. using the "AUDREY DUNHAM" name or any word, words, symbol, symbols, phrase or term identical or confusingly similar thereto alone or prominently displayed in promotional material, advertisements, web pages, signs, or in any other way in connection with the advertising, distribution, offering for sale of products and services not emanating from or authorized by Plaintiff;

 b. displaying as part of any domain name, in labels, promotional material, advertisements, signs, or in any other way the "AUDREY DUNHAM"

name or any word, words, symbol, symbols, phrase or term identical or confusingly similar thereto in connection with the sale of products or services;

   c. cybersquatting the "AUDREY DUNHAM" name;

   d. infringing upon the "AUDREY DUNHAM" name;

   e. unfairly competing with Plaintiff in any manner whatsoever;

 3. Ordering that Defendant be directed under 15 U.S.C. §1116 to file with the Court and serve upon Plaintiff within thirty (30) days after the issuance of any injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants has complied with the injunction.

 4. Ordering that Defendant pays statutory damages under 15 U.S.C. §1117(d), on election by Plaintiff, in an amount of $100,000.00 per domain name.

 5. Ordering that Defendant immediately transfer the Accused Domains to Plaintiff.

 6. Ordering that Defendant account to Plaintiff for, and disgorge, all profits Defendant has derived by reason of the wrongful acts described above.

 7. Ordering that Defendant pay actual damages.

 8. Ordering that Defendant pay punitive damages.

 9. Ordering that Defendant pay Plaintiff reasonable attorney's fees, prejudgment interest, and costs of this action under 15 U.S.C. §1117, and 15 U.S.C. §8131(2), and other and further legal and equitable relief as is just and proper.

Dated: January 21, 2015

      /s/ Willmore F. Holbrow, III
      Willmore F. Holbrow, III
      James W. Ahn
      BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
      Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims triable by jury.

Dated: January 21, 2015

/s/ Willmore F. Holbrow, III
Willmore F. Holbrow, III
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
Attorneys for Plaintiff